Amalya MKRTCHYAN;
et al., Petitioners,

v.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–72461.

Agency Nos. A75–723–432, A75–723–433.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 2005.

Decided July 1, 2005.

Gregory P. Stone, Martin Estrada, Bosinyan Hovhannes, Munger Tolles & Olson, LLP, Los Angeles, CA, for Petitioners.

Amalya Mkrtchyan, Los Angeles, CA, pro se.

Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Jeffrey J. Bernstein, Nancy E. Friedman, Thom W. Hussey, Washington, DC, for Respondent.

Before LAY,\*\* REINHARDT, and THOMAS, Circuit Judges.

MEMORANDUM\*\*\*

Amalya Mkrtchyan and her husband Bo-

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the

sinyan Hovhannes,[1] natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") affirmance without opinion of the immigration judge's ("IJ") denial of her application for asylum and withholding of removal. Because the BIA affirmed without opinion, we review the IJ's decision.

■ We grant the petition with respect to Mkrtchyan's eligibility for asylum because her credible testimony compels a finding of past persecution and because the government has failed to rebut the resultant presumption of a well-founded fear of future persecution. First, contrary to the IJ's conclusions, the combination of job loss, vandalism, confrontation with a violent mob, harassment, detention, beatings, and threats of arrest compel a finding that the harm rises to the level of persecution. *See Mashiri v. Ashcroft,* 383 F.3d 1112, 1121 (9th Cir.2004); *see also Mamouzian v. Ashcroft,* 390 F.3d 1129, 1134 (9th Cir.2004); *Baballah v. Ashcroft,* 367 F.3d 1067, 1076 (9th Cir.2004), *as amended.*

■ Second, the record compels the conclusion that the harm suffered by Mkrtchyan was on account of her religion. The IJ did not find otherwise, nor did the government, in its briefs, contest that the harm was inflicted on that account. During oral argument, however, the government advanced the novel claim that the persecution Mkrtchyan endured was not on account of religion because it stemmed from Mkrtchyan's proselytizing—and the record fails to establish that proselytizing is required by her religion. Even were we to ignore the procedural problems created by the government's belated announcement of this bizarre theory, we would resoundingly reject the argument. Whether or not Pentecostalism does in fact require proselytizing is irrelevant. A religious practice need not be mandatory for the persecution it prompts to be considered "on account of religion."

Third, contrary to the IJ's conclusions, the record compels a finding that Mkrtchyan's persecution was committed in part by government officials—Armenian police and military officials—and in part by forces that the government was unwilling to control, even after repeated requests for help and the filing of police reports. *See, e.g., Mashiri,* 383 F.3d at 1122; *Korablina v. INS,* 158 F.3d 1038, 1045 (9th Cir.1998).

■ As Mkrtchyan has established past persecution on account of a protected ground, a presumption arises than she has a well-founded fear of future persecution. *See Guo v. Ashcroft,* 361 F.3d 1194, 1204 (9th Cir.2004). The government has made no argument and presented no evidence documentary or otherwise for the purpose of demonstrating changed circumstances. Accordingly, we find that Mkrtchyan is statutorily eligible for asylum.[2]

We also grant the petition with respect to withholding of removal. *See Halaim v.*

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Mkrtchyan is the lead petitioner; her husband is a derivative applicant.

2. Because the government had ample opportunity to present evidence of changed country conditions but failed to do so, remand under *INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353,

154 L.Ed.2d 272 (2002), for the purposes of determining whether changed circumstances exist is unnecessary. *See Ballabah,* 367 F.3d at 1078 n. 11 ("[T]o provide the INS with another opportunity to present evidence of changed country conditions, when it twice had the chance, but failed to do so, would be exceptionally unfair."); *Ndom v. Ashcroft,* 384 F.3d 743, 756 (9th Cir.2004).

*INS,* 358 F.3d 1128, 1132 (9th Cir.2004). As a result of Mkrtchyan's establishment of past persecution, a presumption also arises that she is entitled to that form of relief. *See Ndom,* 384 F.3d at 756 (citing *Baballah,* 367 F.3d at 1079). As noted, the government has not rebutted this presumption. We therefore conclude that it is more likely than not that Mkrtchyan would be subject to persecution if returned to Armenia. Mkrtchyan is thus entitled to withholding of removal. *See id.*

For the foregoing reasons, we find Mkrtchyan statutorily eligible for asylum and entitled to withholding of removal. We **GRANT** withholding of removal and **REMAND** to the attorney general solely for an exercise of discretion as to the grant of asylum.

Petition GRANTED; REMANDED.